UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
DOV SPITEZKI
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

       -against-


STEPHENS AND MICHAELS ASSOCIATES, INC.
AND PINNACLE CREDIT SERVICES, LLC

                            Defendants.

------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Dov Spitezki seeks redress for the illegal practices of Stephens and Michaels Associates, Inc. and Pinnacle Credit Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant Stephens and Michaels Associates, Inc.'s principal place of business is located in Salem, New Hampshire.

5. Upon information and belief, Defendant Pinnacle Credit Services, LLC's principal place of business is located in St Louis Park, Minnesota.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Dov Spitezki*

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 17, 2015, the Plaintiff spoke to Pinnacle and attempted to dispute the debt.

12. The Plaintiff also requested that the Defendant have the debt reported on his credit report as disputed.

13. The Defendant, Pinnacle informed the Plaintiff that it would not take his dispute nor would it report it as disputed, but rather, the Plaintiff would have to talk to Defendant Stephens about such matters.

14. The Plaintiff then called Defendant Stephens on or about March 17, 2015 and spoke to a representative by the name of Paul telling him that he had been directed by Defendant Pinnacle to call Defendant Stephens.

15. The Plaintiff informed the Pinnacle that he was attempting to dispute the alleged debt and wanted to ensure that both the Defendants would report the debt as disputed with the national credit bureaus.

16. The Defendant Stephens, inquired as to the reason and nature of the Plaintiff's dispute[1] and further stated that it does not report such information to the credit bureaus and it is the credit bureaus' job to mark a debt as disputed.

17. Stephens further stated that it is not in its practice to even mark on a debtor's credit that a debt was turned over to the Defendant for collection.

18. The Plaintiff again informed Stephens that he had called Defendant Pinnacle and Pinnacle had not wanted to accept his dispute, and had directed him to rather lay his dispute before Stephens.

19. The Defendant instead, continued to demand the Plaintiff to explain the nature of his dispute.

20. It is contrary to the FDCPA for one debt collection agency to direct a consumer to correspond with another debt collection agency, thereby sending the consumer on a cat and mouse chase.

21. The Defendants engage in racketeering as both companies are not on the "same page" with regard to their policies and practices.

22. The Defendants threatened the failure to communicate that a disputed debt is disputed,

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

in violation of 15 U.S.C. § 1692e(8).[2]

23. Defendant also informed the Plaintiff that he must put his dispute in writing.[3]

24. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[4]

25. The FDCPA allows the consumer to orally dispute a debt.[5]

26. Upon information and belief, Defendants and their employees as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

27. Upon information and belief, Defendants and their employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes must be submitted with a valid reason.

28. Upon information and belief, Defendants and their employees intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

29. Upon information and belief, Defendants and their employees wrongfully stated to the Plaintiff that he could not orally dispute the debt with either of the Defendants.

30. Upon information and belief, Defendants and their employees wrongfully stated to the

---

[2] Purnell v. Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce.")

[3] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.)

[4] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

[5] Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.)

Plaintiff that he could only dispute a debt in writing.

31. Upon information and belief, Defendants and their employees wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

32. Upon information and belief, Defendants and their employees by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

33. Upon information and belief, Defendants and their employees threatened the failure to communicate that a disputed debt is disputed.

34. The Defendants' employees who spoke with Dov Spitezki intended to speak the said words to the Plaintiff.

35. The acts and omissions of the Defendants and their employees done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

36. Upon information and belief, Defendants and their employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendants purportedly in the validation notice.

37. In addition, during the month of April, 2015, the Plaintiff pulled his credit report with the national credit bureaus.

38. Upon information and belief, when reporting the debt with the credit bureaus, the Defendants respectively failed to report the disputed debt as disputed in violation of 15 U.S.C. § 1692e(8).

39. As an actual and proximate result of the acts and omissions of Stephens and Michaels

Associates, Inc. and Pinnacle Credit Services, LLC and their employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

40. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendants' records reflect resided in the State of New York who communicated with Defendants' representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendants denied the Plaintiff the right to dispute the debt verbally; and (b) when reporting the debt with the credit bureaus, the Defendant failed to report the disputed debt as disputed; and (c) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

43. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

    principal question presented by this claim is whether the Defendants violated the FDCPA.

  C. The only individual issue is the identification of the consumers who had such communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

44. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47.  The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48.  Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis*

49.  Plaintiff re-states, re-alleges, and incorporates herein, paragraphs 1 - 10, 19, 22, 25, 28, 29, 32, 37 and 38 in this action, that reference the Plaintiff being unable to dispute the alleged debt orally, and that when reporting the debt with the credit bureaus, the Defendants failed to report the disputed debt as disputed.

50.  The Defendants both threatened the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8).

## *Violations of the Fair Debt Collection Practices Act*

51. The Defendants' actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

52. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 12, 2015

       /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

       /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)