

**Daniel Ginzburg**
Member

P: 973-623-6683
F: 973-623-6961
dginzburg@podvey.com
Admitted to NJ and NY Bars

February 5, 2016

**VIA ECF**
Honorable Carol Bagley Amon
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Spitezki v. Stephens and Michaels Assocs., Inc. and Pinnacle Credit Servs., LLC*
           **Civil Action No. 1:15-cv-06629-CBA-MDG**

Dear Judge Amon:

    My firm represents defendant Pinnacle Credit Services LLC ("Pinnacle") in the above-referenced action. Pursuant to the Court's Individual Motion Practices and Rules, I write to request a Pre-Motion Conference ahead of Pinnacle's planned Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), and an extension of time until after the Conference to file the Motion.

**Case Background**

    This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Because the proposed Motion is one pursuant to Fed. R. Civ. P. 12, Pinnacle accepts the following pleaded facts as true for purposes of the Motion only. Plaintiff Dov Spitezki ("Plaintiff") alleges in his Complaint that Pinnacle is a debt collector that reported his debt to the national credit bureaus. Plaintiff claims that on March 17, 2015 he contacted Pinnacle to dispute his debt. Pinnacle responded that it did not accept disputes and instead referred Plaintiff to co-defendant Stephens & Michael Associates, Inc. ("SMA"). Plaintiff alleges that the SMA representative he spoke to did not accept his dispute of the debt.

    Plaintiff's sole allegation against Pinnacle is that it violated the FDCPA by not reporting to the credit bureaus that he disputed his debt, and by directing him to SMA to lodge his dispute, in violation of 15 U.S.C. §§ 1692e(8) and (10), respectively. The balance of the allegations are directed at SMA.

**Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C. | Counsellors at Law**

One Riverfront Plaza, Suite 800, Newark, NJ 07102 | P: 973-623-1000 | F: 973-623-9131
900 Third Avenue, 17th Floor, New York, NY 10022 | P: 212-432-7419

www.podvey.com

*W0489389.1



**Basis For The Proposed Motion**

Pinnacle respectfully requests permission to file the Motion because Plaintiff fails to state a claim. First, Plaintiff's claim of a violation of 15 U.S.C. § 1692e(8) is deficient because he does not allege that Pinnacle continued to report his debt as undisputed following his phone call to Pinnacle. Section 1692e(8) prohibits the communication to any person of credit information known to the debt collector to be false, including the failure to communicate that a disputed debt is disputed. "Communication" is defined by the FDCPA as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The Complaint does not allege that Pinnacle conveyed any information concerning Plaintiff's debt following his telephone call to Pinnacle. Thus, where there is no communication, there can be no deceptive communication. Moreover, there is no general obligation in the FDCPA to report debt as disputed. *See Donatelli v. Warmbrodt,* 2011 U.S. Dist. LEXIS 69207, at 27-29 (W.D. Pa. June 29, 2011) ("[T]here is no authority to support the proposition that a debt collector must inform the credit reporting agency that the consumer disputes the debt.") (citations omitted); *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008) ("When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported" (citation omitted)). Therefore, Plaintiff fails to state a claim pursuant to § 1692e(8).

Plaintiff's claim pursuant to § 1692e(10) is likewise flawed. In that claim he contends that one debt collector cannot direct a consumer to correspond with another agency to lodge his dispute. (Complaint ¶ 20). Plaintiff is incorrect. Indeed, two courts in this District very recently held otherwise. *See Green v. Pinnacle Credit Services, LLC*, 1:15-cv-05344-BMC (E.D.N.Y. 2016); *Khan v. Pinnacle Credit Services, LLC*, 1:15-cv-02266-ARR-MDG (E.D.N.Y. 2016). In *Green*, Judge Cogan held that "[t]here is certainly nothing in the [FDCPA] requiring a debt collector to have the first telephone operator that fields a debtor's call mark the debt as disputed; the debt collector is obviously free to have its operator transfer the call to the appropriate person charged with that task." *Green*, 15-cv-5344 (ECF Doc. No. 21 ¶ 3). And in *Khan*, Judge Ross held that "[s]o long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party." *Khan*, 15-cv-2266 (ECF Doc. No. 23 at 9). These holdings are in line with other decisions around the country. For example, in *May v. NCEP, LLC*, 2014 U.S. Dist. LEXIS 67514, at *1 (E.D. Mo. May 16, 2014), a debt buyer (NCEP, LLC) purchased the plaintiff's account but hired a third party (Stoneleigh Recovery Associates) to service the account. *Id.* at 1. When plaintiff contacted NCEP about her account, the representative

> told her that she would have to speak to a Stoneleigh representative. He then transferred May to a Stoneleigh representative, who immediately informed May that she was

**Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C. | Counsellors at Law**

One Riverfront Plaza, Suite 800, Newark, NJ 07102 | P: 973-623-1000 | F: 973-623-9131
900 Third Avenue, 17th Floor, New York, NY 10022 | P: 212-432-7419

www.podvey.com

*W0489389.1



> speaking to a debt collector, that the debt collector was attempting to collect a debt, and that any information would be used for that purpose.

*Id.* at 7.  The transfer was neither alleged nor found to be a violation.  Likewise, in *Johnson v. Brock & Scott, PLLC*, 2013 U.S. Dist. LEXIS 162937 (E.D.N.C. Nov. 15, 2013), the factual setting was described thusly:

> Channel Group and CLS are debt-buying companies, engaged in the business of buying defaulted obligations from banks or other lenders for substantially less than the amount of the original loan.  Channel Group and CLS do not engage in direct debt collection efforts.  Instead, the Brock & Scott Law Firm collects on the defaulted obligations on behalf of Channel Group and CLS.  Debtors who call Channel Group or CLS requesting information about their accounts are transferred to Brock & Scott employees.

*Id.* at 2.  In *Johnson*, too, there was no allegation or finding that a transfer from a debt collector to its agent for servicing is a violation of the FDCPA.

Moreover, insofar as Plaintiff would seek to hold Pinnacle vicariously liable for the actions of SMA, the claim would fail because he does not allege, nor could he, that Pinnacle had any control over SMA.  *See Sanchez v. Abderrahman*, 2013 U.S. Dist. LEXIS 186537, at 23-24 (E.D.N.Y. July 24, 2013) (citing *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011)) *adopted by* 2014 U.S. Dist. LEXIS 41345 (E.D.N.Y. Mar. 25, 2014) (Amon, C.J.).

For these reasons, Pinnacle respectfully requests that the Court schedule a Pre-Motion Conference and grant it an extension of time to respond to the Complaint.

          Respectfully submitted,

          s/ *Daniel Ginzburg*

          Daniel Ginzburg

cc:    Adam J. Fishbein, Esq. (via ECF)

**Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.  |  Counsellors at Law**

One Riverfront Plaza, Suite 800, Newark, NJ 07102  |  P: 973-623-1000  |  F: 973-623-9131
900 Third Avenue, 17th Floor, New York, NY 10022  |  P: 212-432-7419

**www.podvey.com**

*W0489389.1