**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW
483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

February 26, 2016

**VIA ECF**
The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:  Spitezki v. Stephens et al.
         15 CV 6629 (CBA) (CLP)**

Dear Judge Amon:

I represent the plaintiff in the above referenced matter.  This letter shall serve as plaintiff's response to defendant's request for a pre-motion conference for leave to file a motion to dismiss.

Because we have alleged that Pinnacle fits the definition of a debt collector, it is responsible for the actions of another debt collector which acts on its behalf.  See *Suquilanda v. Cohen & Slamowitz, LLP,* 2011 U.S. Dist. LEXIS 102727, 2011 WL 4344044 (S.D.N.Y. Sept. 7, 2011).

Unlike the defendant argues, Pinnacle did not transfer the call to another entity, and the plaintiff was not afforded the right to dispute the debt by Pinnacle nor by Stephens & Michaels.  This is the reason why the *Kahn* court (cited by the defendant) allowed for a potential amended complaint on page 10 of the decision.  But in our case, the complaint is clear that the plaintiff was not given the opportunity to dispute from either entity.  Therefore, Pinnacle is liable for the plaintiff's inability to dispute as it is vicariously liabley.

While we believe that oftentimes in FDCPA matters the decision on a motion to dismiss will be instructive as to ultimate liability, here, caselaw is clear that any debt collector can be held liable.  Furthermore, the facts pled in the complaint are clear that each entity is liable for failure to mark the debt as disputed.  Therefore, we believe that it would be more appropriate to wait until the conclusion of discovery for the parties to make motions for summary judgment and move for class certification.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/

Adam J. Fishbein

Cc: Daniel Ginzburg, Esq.