

Daniel Ginzburg
P: (862) 702-8248
F: (862) 345-9112
daniel@ginzburglawfirm.com
Member of NJ and NY Bars

August 4, 2016

**VIA ECF**
Honorable Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Spitezki v. Stephens and Michaels Assocs., Inc. and Pinnacle Credit Servs., LLC*
      **Civil Action No. 1:15-cv-06629-CBA-MDG**

Dear Judge Amon:

 My firm represents defendant Pinnacle Credit Services LLC ("Pinnacle") in the above-referenced action. Pursuant to the Court's Individual Motion Practices and Rules, I write to request a Pre-Motion Conference ahead of Pinnacle's planned Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), and an extension of time until after the Conference to file the Motion.

**Case Background**

 This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Plaintiff Dov Spitezki ("Plaintiff") alleges in his Amended Complaint that Pinnacle is a debt collector that reported his debt to the national credit bureaus. Plaintiff claims that on March 17, 2015 he contacted Pinnacle to dispute his debt. Pinnacle responded that it did not accept disputes and instead referred Plaintiff to co-defendant Stephens & Michael Associates, Inc. ("SMA"). Plaintiff alleges that the SMA representative he spoke to did not accept his dispute of the debt.

 Plaintiff's sole allegation against Pinnacle is that it violated the FDCPA by not reporting to the credit bureaus that he disputed his debt, and by directing him to SMA to lodge his dispute, in violation of 15 U.S.C. §§ 1692e(8) and (10), respectively. The balance of the allegations are directed at SMA.

**Basis For The Proposed Motion**

 Pinnacle respectfully requests permission to file the Motion because Plaintiff fails to state a claim. First and foremost, Plaintiff fails to allege any facts to support his assertion that Pinnacle is a debt collector and, therefore, that the FDCPA applies to it. The FDCPA defines "debt collector" as one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts

to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff alleges only one fact to support his assertion that the FDCPA applies to Pinnacle – that Pinnacle is "regularly engaged, for profit, in the collection of debts allegedly owed by consumers." (Am. Compl. ¶ 6). Thus, Plaintiff's allegation does not put Pinnacle squarely into either definition, and what facts Plaintiff does allege actually support the conclusion that Pinnacle is *not* a debt collector within the meaning of the FDCPA.

Specifically, Plaintiff does not allege that Pinnacle regularly collects debts "owed or due another." Thus, Pinnacle does not fall into the latter definition. As to the former definition, Plaintiff does not allege that Pinnacle's principal business purpose is to use interstate commerce to "collect" any debts. The term "collect" has been defined by the federal courts. For example, in *Gburek v. Litton Loan Servs. LP*, 614 F.3d 380 (7th Cir. 2010), the Seventh Circuit held that collection must at least involve some communication with a consumer initiated by the debt collector. *Id.* at 384. Here, Plaintiff does not allege that Pinnacle ever initiated communications with him, or with any consumer. Further, in *Roth v. CitiMortgage Inc.*, 2013 U.S. Dist. LEXIS 131861 (E.D.N.Y. Sept. 11, 2013) (Feuerstein, J.), the court held that even including the presence of an FDCPA disclaimer on a communication with a consumer does not signify that the sender is a debt collector. *Id.* at 29 n.8; *see also Munroe v. Specialized Loan Servicing LLC*, 2016 U.S. Dist. LEXIS 40716, at 15 (E.D.N.Y. Mar. 28, 2016) (Brodie, J.) ("[E]ven where an entity acquires a defaulted debt, it is not a debt collector where it does not engage in collection activities."). In sum, Plaintiff fails to make any allegations from which a trier of fact could conclude that Pinnacle is a debt collector. Thus, his claim fails.

Even if Pinnacle were held to be a debt collector, Plaintiff's claim pursuant to § 1692e(10) is flawed. In that claim he contends that a debt collector cannot direct a consumer to correspond with another company to lodge his dispute because the practice is misleading. Plaintiff is incorrect, and two decisions from courts in this District confirm that he is incorrect. *See Green v. Pinnacle Credit Services, LLC*, 1:15-cv-05344-BMC (E.D.N.Y. 2016); *Khan v. Pinnacle Credit Services, LLC*, 1:15-cv-02266-ARR-MDG (E.D.N.Y. 2016). In *Green*, Judge Cogan held that "[t]here is certainly nothing in the [FDCPA] requiring a debt collector to have the first telephone operator that fields a debtor's call mark the debt as disputed; the debt collector is obviously free to have its operator transfer the call to the appropriate person charged with that task." *Green*, 15-cv-5344 (ECF Doc. No. 21 ¶ 3). And in *Khan*, Judge Ross held that "[s]o long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party." *Khan*, 15-cv-2266 (ECF Doc. No. 23 at 9).

Plaintiff makes a plethora of allegations – all of them without any basis in fact – of some sort of conspiracy between Pinnacle and SMA to deny him the opportunity to dispute his debt. (*See, e.g.,* Am. Compl. ¶¶ 57, 70, 136). Yet his claim is belied by the transcript of the telephone

2

**GINZBURG LAW**

call between him and SMA, which is reproduced in SMA's Motion for Summary Judgment.[1]  For example, Plaintiff alleges that SMA would not accept his dispute (*id.* ¶ 136), but the transcript reveals the opposite, that SMA told him during his initial call: "Well, what we'll do is we're going to actually put in the dispute to our client and we're going to advise them that we need to validate the debt. . . .  I'll just put down that you're disputing it because the letter says you can.  Is that fair?"  Plaintiff responded: "All right."  (SMA's Mem. of Law, D.E. No. 14-1 at 3).  Thus, Plaintiff's assertion that SMA or Pinnacle misleadingly refused to lodge his dispute is without any merit.

Lastly, insofar as Plaintiff would seek to hold Pinnacle vicariously liable for the actions of SMA, the claim would fail because he does not allege, nor could he, that Pinnacle had any control over SMA.  *See Sanchez v. Abderrahman*, 2013 U.S. Dist. LEXIS 186537, at 23-24 (E.D.N.Y. July 24, 2013) (Bloom, M.J.) ("To be vicariously liable under the FDCPA, however, the principal must exercise control over the conduct or activities of the agent" (quoting *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011))), *adopted by* 2014 U.S. Dist. LEXIS 41345 (E.D.N.Y. Mar. 25, 2014) (Amon, J.).

For these reasons, Pinnacle respectfully requests that the Court schedule a Pre-Motion Conference and grant it an extension of time to respond to the Amended Complaint.

Respectfully submitted,

/s/ *Daniel Ginzburg*

Daniel Ginzburg

cc:    All Counsel of Record (via ECF)

---

[1] The Court may review the transcript on this 12(b)(6) Motion because Plaintiff cites liberally to it throughout the Amended Complaint.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that for purposes of a Rule 12(b)(6) motion, "the complaint is deemed to include . . . any statements or documents incorporated in it by reference").