**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

August 24, 2016

<u>**VIA ECF**</u>
The Honorable Judge Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Spitezki v. Stephens & Michaels Associates, LLC et al.**
      **Case No. 1:15-cv-06629 (CBA)**

Dear Judge Amon:

      I represent the plaintiff in the above referenced matter. Instead of interposing an answer to the amended complaint, the defendant Pinnacle Credit Services, LLC ("Pinnacle") has filed a request for permission to file a motion to dismiss. The letter filed by Pinnacle makes five arguments; however, not one of Pinnacle's arguments assumes the truth of the facts alleged by Plaintiff in his amended complaint.  Therefore, the letter request must be denied in its entirety. Meaning that there is no basis whatsoever to grant a potential motion to dismiss with such a gross misrepresentation of the allegations in the complaint.  Although Defendant's proposed motion purports to be a motion to dismiss pursuant to Rule 12(b)(6), it is actually in the nature of a motion for summary judgment. Defendant's proposed motion does not -at all- assume the truth of the facts alleged by Plaintiff and therefore must be denied.

      Specifically, Pinnacle's letter begins by stating: "Plaintiff's sole allegation against Pinnacle is that it violated the FDCPA by not reporting to the credit bureaus that he disputed his debt, and by directing him to SMA to lodge his dispute, in violation of 15 U.S.C. §§ 1692e(8) and (10), respectively. The balance of the allegations are directed at SMA." This statement is false; one look at Plaintiff's very detailed amended complaint shows *numerous* allegations against Pinnacle. Pinnacle has misrepresented the factual allegations in the complaint which automatically mandates denial of its request.

      Likewise, Defendant has additionally mispresented Plaintiff's allegations against Pinnacle. Plaintiff does not simply allege that Pinnacle did not report to the credit bureaus that plaintiff disputed his debt, rather Plaintiff alleges that Pinnacle is in violation of 1692e(8) since it communicated information about the debt that it knew to be false at the time the communication is made. (Am. Complaint ¶¶ 122, 147) "Pinnacle violated the FDCPA since it reported information about the debt that it knew to be false at the time that the reporting was made." See *Janjua v. Ocwen Loan Servicing LLC*, 1:14-cv-06303-CBA-JO (E.D.N.Y. Feb. 26, 2016) decided by this very Court.  ("[T]he plain language of 1692e(8), indicates that a debt collector violates this provision if it communicates information about a debt that it knows or should know to be false at the time the communication is made.")." Defendant's application for permission to file the proposed motion to dismiss does not assume the truth of the facts in the complaint; therefore, it must be denied.

      Additionally, Pinnacle states "Plaintiff alleges only one fact to support his assertion that the FDCPA applies to Pinnacle – that Pinnacle is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. (Am. Compl. ¶ 6). Thus, Plaintiff's allegation does not put Pinnacle squarely into either definition."

Yet again, this is false as the amended complaint explicitly articulates a *comprehensive* set of facts that qualify Pinnacle as a debt collector under the FDCPA. See for example (Am. Complaint ¶ 10) "Debt Collectors like Defendant Pinnacle Credit Services, LLC use the credit reporting mechanism as a tool to persuade consumers to pay their debts, just like dunning letters and telephone calls. "[C]redit reporting is one of the most commonly taken steps in debt collection efforts. (Am. Complaint ¶ 13) "The widespread use of credit reporting… has effectively turned credit reporting into a broadly yet all too often abused tool for collection."  (Am. Complaint ¶ 31) "Debt collectors like Pinnacle have recognized that when debtors exercise the dispute rights afforded them by the FDCPA, it throws a proverbial wrench into their unregulated and self governed use of the - credit reporting - weapon of mass-extortion."

Plaintiff does not have enough space in this letter to lay out all the allegations in the complaint that demonstrate that Pinnacle is a debt collector.  Defendant has either confused the initial complaint with the amended complaint or the defendant has intentionally misrepresented the factual allegations in plaintiff's amended complaint. Regardless, what is absolutely certain is that plaintiff, in his amended complaint, has plead an abundant set of facts[1] which are spelled out in over one hundred paragraphs demonstrating that Pinnacle Credit Services, LLC, regularly collects or attempts to collect, directly or indirectly, debts originally owed to another, Additionally plaintiff lays out extensively the collection scheme Pinnacle Credit Services has designed, directed, controlled and executed together with Stephens & Michaels Associates, LLC (Am. Compl. ¶¶ 59 – 135). Pinnacle's letter motion must be denied as it fails to assume the truth of the allegations in the complaint.

Pinnacle continues its unsavory strategy by stating: "Even if Pinnacle were held to be a debt collector, Plaintiff's claim pursuant to § 1692e(10) is flawed. In that claim he contends that a debt collector cannot direct a consumer to correspond with another company to lodge his dispute because the practice is misleading. Plaintiff is incorrect, and two decisions from courts in this District confirm that he is incorrect… And in *Khan*[2], Judge Ross held that "[s]o long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party.

This is yet again fabricated and deceitful. Pinnacle again has simply invented facts that are not in Plaintiff's amended complaint. Plaintiff does not have a 1692e(10) claim that a debt collector cannot direct a consumer to correspond with another company to lodge his dispute. Instead Plaintiff states (Am. Compl. ¶¶ 118 – 120) "Pinnacle, when reporting to the credit reporting agencies after the dispute, did not report the dispute in violation of 1692e(8). Pinnacle's conduct was false, deceptive and misleading since it did not transfer the Plaintiff to an agent or agency so he could <u>effectively</u> dispute the dept. Pinnacle's conduct was false, deceptive and misleading since it effectively <u>avoided</u> reporting Plaintiff's dispute even after being on notice of said dispute. Pinnacle was obligated to report Plaintiff's debt as disputed since it engaged in a post-dispute communication with the credit bureaus."

Finally, Defendant in its letter states: "Plaintiff makes a plethora of allegations – all of them without any basis in fact – of some sort of conspiracy between Pinnacle and SMA to deny him the opportunity to dispute his debt. (*See, e.g.,* Am. Compl. ¶¶ 57, 70, 136). Yet his claim is belied by the transcript of the telephone call between him and SMA, which is reproduced in SMA's Motion for Summary Judgment. 1 For example, Plaintiff alleges that SMA

---

[1] See. Am. Compl. ¶¶ 1 - 165

[2] In addition to misrepresenting the facts in the amended, complaint defendant has also misrepresented the holding in *Khan v. Pinnacle Credit Servs., LLC*, No. 15-CV-2266 (ARR)(MDG), 2016 U.S. Dist. LEXIS 54024, at *13-14 (E.D.N.Y. Jan. 27, 2016) In *Kahn* Judge Ross specifically found that only because "plaintiff makes no allegation that she in fact disputed her debt in the manner defendant provided, plaintiff's claim fails because her allegations do not support the conclusion that defendant had a legal obligation to report her dispute to credit bureaus. If plaintiff or her representative did in fact speak with [a third party] and register plaintiff's dispute, the court grants plaintiff a short leave to amend her complaint to reflect that fact." Plaintiff in this case in his amended complaint makes an allegation that he in fact spoke with the third party debt collector designated to take the dispute and he in fact disputed his debt (although Pinnacle did not necessarily violate the FDCPA simply by delegating dispute servicing to a third party) when plaintiff registered his dispute with the third party, defendant had a legal obligation to report plaintiff's dispute to the credit bureaus once the debt was disputed with Pinnacle and its third party agent. Thus, as plaintiff makes a clear allegation that he in fact disputed his debt both with Pinnacle and in the manner Pinnacle provided, plaintiff stated a claim because his allegations support the conclusion that defendant had a legal obligation to report his dispute to the credit bureaus. Since plaintiff did in fact speak with the third party and lodged a dispute, defendant violated the FDCPA when it failed to report that dispute.

would not accept his dispute (id. ¶ 136), but the transcript reveals the opposite, that SMA told him during his initial call: "Well, what we'll do is we're going to actually put in the dispute to our client and we're going to advise them that we need to validate the debt. . . . I'll just put down that you're disputing it because the letter says you can. Is that fair?" Plaintiff responded: "All right." (SMA's Mem. of Law, D.E. No. 14-1 at 3). Thus, Plaintiff's assertion that SMA or Pinnacle misleadingly refused to lodge his dispute is without any merit."

Pinnacle disingenuously states that those facts are in the amended complaint paragraph 57, 70, 136. One look at paragraph 57, 70, 136 shows yet again that Pinnacle's statements are false as Pinnacle's letter does not assume the truth of the allegations in the complaint. In Paragraph 136 Plaintiff does not allege that SMA would not accept his dispute. Instead (Am. Compl. ¶136) states "Upon information and belief, Defendants and their employees intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA." Since as plaintiff alleged in (Am. Compl. ¶88) "Upon information and belief, Stephens is complicit with Pinnacle in not reporting the debt to the Credit Reporting Agencies post the dispute." And (Am. Compl. ¶146 – 148) "Pinnacle failed to communicate that the disputed debt is disputed. See Exhibit A. Pinnacle violated the FDCPA since it reported information about the debt that it knew to be false at the time that the April 11th reporting was made.)

Pinnacle further misrepresented the other factual allegations of Paragraph 57. In Paragraph 57, Plaintiff does not allege that SMA would not accept his dispute. Rather  (*See,* Am. Compl. ¶ 57) "The Defendants engage in racketeering as both companies have effectively established that they are intentionally not on the "same page" with regard to the credit reporting and its policies and practices."

Pinnacle further misrepresented the other factual allegations in Paragraph 70. In Paragraph 70 Plaintiff does not allege that SMA would not accept his dispute to the contrary (Am. Compl. ¶ 70) "Upon information and belief, this third party agency hired by Pinnacle is intentionally not provided with proper information about the credit reports in order to aid Pinnacle to escape complying with its Federal Credit Reporting Obligations." (Am. Compl. ¶136) "Upon information and belief, Defendants and their employees intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA."  (Am. Compl. ¶¶146-148) "Pinnacle failed to communicate that the disputed debt is disputed. See Exhibit A. Pinnacle violated the FDCPA since it reported information about the debt that it knew to be false at the time that the April 11th reporting was made. *See Janjua v. Ocwen Loan Servicing LLC*, 1:14-cv-06303-CBA-JO (E.D.N.Y. Feb. 26, 2016). (Bagley, J.) ("[T]he plain language of 1692e(8), indicates that a debt collector violates this provision if it communicates information about a debt that it knows or should know to be false at the time the communication is made.") Upon information and belief, when re-reporting the debt with the credit bureaus, the Defendants respectively failed to report the disputed debt as disputed in violation of 15 U.S.C. § 1692e(8)."

Pinnacle ends its letter by stating "Lastly, insofar as Plaintiff would seek to hold Pinnacle vicariously liable for the actions of SMA, the claim would fail because he does not allege, nor could he, that Pinnacle had any control over SMA."

Again, this is axiomatically false.  Not only does plaintiff allege that Pinnacle had control over SMA (Am. Compl. ¶¶ 10-165), but also Plaintiff alleges and Pinnacle has admitted that it hired SMA specifically to be its agent to take the dispute in this case. (Am. Compl. ¶¶ 38,56-70).

Defendant Pinnacle's entire letter motion seeking to dismiss is frivolous as each and every one of its five arguments does not assume the truth of the facts alleged by the complaint. There is no doubt that this Court would (even without plaintiff's response letter) *sua sponte*, deny defendant's request for permission to file a motion to dismiss due to defendant's failure to assume the truth of the facts alleged by the complaint. Pinnacle's letter on its face evidences that there is no meritorious basis for moving to dismiss. *See Khaytin v. Stern & Stern, ESQS.*, 2013 U.S. Dist. LEXIS 144091, 12, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) ("<u>Defendant's application for permission to file the proposed motion to dismiss is denied</u> … Although Defendant's proposed motion purports to be a motion to dismiss pursuant to Rule 12(b)(6), it is actually in the nature of a motion for summary judgment. **Defendant's proposed motion does not assume the truth of the facts alleged by Plaintiff")** (emplasis added) *Woolcott v. Baratta,* 2014 U.S. Dist. LEXIS 63043, 17, 2014 WL 1814130 (E.D.N.Y. May 7, 2014) ("Defendants' motion to dismiss presents a factual dispute that is "not appropriately decided at the dismissal stage")

One of the reasons courts mandate the filing of a request for a pre-motion conference by letter is to determine if there is any merit to such a motion. Although a District Court may usually not bar a party from filing a motion, however, if it is clear from the letter that no relief may be obtained or where the letter contains statements that do not assume the truth of the complaint, the court may in the interest of a useful expenditure of the parties' time, construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file additional papers. See *Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.*, 2011 U.S. App. LEXIS 23528 (2d Cir. Nov. 23, 2011) ("Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself …. In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions. Given the length and detail of the Pre-motion Letter and the clear lack of merit of the [arguments], the district court did not abuse its discretion in construing the letter as a motion and denying the motion. *Martin v. City of New York,* 2013 U.S. Dist. LEXIS 129730, 2, 2013 WL 4899290 (E.D.N.Y. Sept. 9, 2013) (Townes, S.) ("Since there appears to be no meritorious basis for moving for summary judgment, defendants' request for permission to file a motion is denied")

Defendant's letter does not assume the truth of the facts alleged by Plaintiff, and therefore Defendant's application for permission to file the proposed motion to dismiss must be denied.


Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Daniel Ginzburg, Esq.
     Aaron R. Easley, Esq.